# King v. Mitchell.

### Action on Promissory Note.

1. *Action on promissory note; what evidence inadmissible.* — In an action on a promissory note, the issue being whether the plaintiff had agreed to receive eight per cent. Confederate bonds in payment, she cannot be permitted to prove by a witness who was her debtor during the war that he did not offer to pay because he knew that she refused to receive Confederate money. Such evidence is irrelevant, and calculated to mislead the jury.

2. *Same; what evidence inadmissible.* — On such an issue proof that the plaintiff during the war refused to accept payment of a large debt in Confederate money from a debtor who came from a distance, and proof of declarations by her "that she would not accept Confederate money or bonds in payment of debts due her," — the defendant not being present, or in any way connected therewith, is merely proof of her own acts and declarations in her own favor, irrelevant to the issue, and wholly inadmissible against the defendant.

APPEAL from Dallas Circuit Court.
Tried before Hon. MILTON J. SAFFOLD.
The opinion states the case.

PETTUS, DAWSON & TILLMAN, for appellant.

---

[1] This case was decided at the January term, 1875.

[King *v.* Mitchell.]

Morgan & Lapsley, *contra.*

JUDGE, J. — The principal controversy in the court below between the parties to this suit was, whether the note sued on had been paid. The note, together with others, had been left by the appellee, who was plaintiff below, with one P. J. Weaver for safe keeping. Subsequently one' N. Waller, who was the general agent and book-keeper of Weaver, received of defendant in payment of the note Confederate States bonds, and delivered the note to the defendant. There was conflict in the evidence as to whether Waller had any authority from the plaintiff to receive Confederate bonds in payment of the note.

One Nicholl, a witness for the plaintiff, testified that he owed the plaintiff at the beginning of the late war the amount of a promissory note for the sum of nine hundred dollars ; and that he did not propose or offer to pay the note during the war, " because the witness knew that plaintiff refused to accept Confederate money." That portion of the answer of the witness giving the reason why he had not proposed or offered to pay the note, during the time mentioned, was objected to by the defendant as being illegal and irrelevant evidence ; but the court overruled the objection, and permitted the evidence to go to the jury ; and in this the court erred.

The note which was due by the witness to the plaintiff, and the reason of the witness for not offering to pay it during the war, had no proper relevancy to the case on trial. Furthermore, the principal point in dispute was not whether the plaintiff during the war refused to receive Confederate *treasury notes* generally, but whether she had not *specially* agreed to receive Confederate eight per cent. bonds in payment of the note sued on. The evidence objected to was not only irrelevant but calculated to mislead, and should have been excluded from the jury.

The plaintiff was then permitted to prove by the same witness, against the objection of the defendant, that he had heard the plaintiff declare frequently, during the war, " that she would not accept Confederate money or bonds in payment of debts due her," and the same witness was further permitted to testify, also against defendant's objection, that during the war a gentleman came from Mississippi to pay the plaintiff a large debt with Confederate money, but that plaintiff refused to take it in payment of the debt.

These were acts and declarations of the plaintiff in her own favor, with which the defendant had no connection, and they were not properly relevant to the issue ; and we know of no

[Plowman v. Thornton.]

rule under which they could have been properly admitted in evidence against the defendant.

Let the judgment be reversed and the cause remanded.